UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07572-VBF-SHK | Date: | October 10, 2023 |
| Title: | *Tomas Sarinana Jr. v. State of California* | | |

| | |
|---|---|
| Present: The Honorable | SHASHI H. KEWALRAMANI, UNITED STATES MAGISTRATE JUDGE |

| D. CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why The Petition Should Not Be Dismissed Due to the Failure to Exhaust**

## I.      INTRODUCTION

On July 31, 2023, Petitioner Tomas Sarinana Jr. ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 (the "Petition" or "Pet."). Electronic Case Filing Number ("ECF No.") 1, Pet. As explained in this Order, the Court orders Petitioner to show cause why the Petition should not be dismissed due to Petitioner's failure to exhaust his state court remedies.

## II.     BACKGROUND

Based on the allegations set forth in the Petition, it appears that Petitioner is a pro se pre-trial detainee pending trial on criminal charges in the Los Angeles County Superior Court. ECF No. 1, Pet. at 2-5. Petitioner alleges that as part of pre-trial proceedings, he sought discovery related to the Drug Enforcement Administration's investigation of his case pursuant to, *inter alia*, Brady v. Maryland, 373 U.S. 83 (1963), which the trial court denied. Id. at 2-3. Petitioner contends that he appealed this ruling to the California Court of Appeal, which denied his appeal.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

Id. at 1, 61.[2] He has also attached a document on letterhead from the California Supreme Court dated June 9, 2023, which reflects that the Court was returning his unfiled documents received on June 9, 2023 as it lost jurisdiction to act on any petition for review after May 18, 2023. Id. at 63.

### III. THE PETITION IS UNEXHAUSTED AND SUBJECT TO DISMISSAL

As an initial matter, 28 U.S.C. § 2254(a) provides that: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) By his own admission, Petitioner is a pre-trial detainee. ECF No. 1, Pet. at 2. In other words, there is no judgment of a State court to challenge by way of a petition for writ of habeas corpus. Further, Petitioner is a criminal defendant in an *ongoing* state criminal action.

### A. Younger v. Harris

Generally, federal courts must abstain from interfering with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-45 (1971). As a matter of comity and federalism, Younger abstention is required when: (1) state judicial proceeding are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings provide a full and fair opportunity to litigate the federal constitutional claims. Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626-28 (1986). As a threshold condition to the above three requirements, "Younger applies only when the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding." Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc).[3]

Here, all three of the criteria under Younger compel this federal court to abstain from adjudicating this action are present. First, Petitioner is currently a defendant in an ongoing criminal prosecution initiated by the state. He is attempting to invalidate a pre-trial ruling by the trial court relating to the production of discovery for that criminal trial. This state action against Petitioner was pending at the time this action was filed. Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). Second, the state proceedings involve important state interests – the order and integrity of its criminal proceedings without interference from a federal court. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citation omitted). Third, the state proceedings will provide Petitioner with a full and fair opportunity to

---

[2] Petitioner has appended to his filing a copy of an order from the California Court of Appeals dated April 18, 2023, that reads: "The court has read and considered the petition for writ of mandate filed March 16, 2023. The petition is denied. Petitioner has an adequate remedy by way of appeal after any judgment of conviction." ECF No. 1, Pet. at 61.

[3] Green was overruled in part by Gilberston v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) as follows: "[F]ederal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed. To this extent we recede from our statements in Green v. City of Tucson, 255 F.3d 1086, 1098, 1102 (9th Cir. 2001) (en banc), that direct interference is a threshold requirement, or element, of Younger abstention, and that Younger only precludes, but does not delay, the federal court action."

litigate his federal constitutional claims (including Petitioner's Brady and ineffective assistance of counsel claims) – by virtue of a direct appeal and/or a collateral challenge in state court. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (the federal court should assume that state procedures afford an adequate remedy to consider federal claims absent "unambiguous authority to the contrary").

As an exception to the abstention rule described in Younger, a habeas petitioner may file a federal habeas petition before the state court issues a final judgment of conviction when asserting a violation of the Double Jeopardy Clause. See Hartley v. Neely, 701 F.2d 780, 781 (9th Cir. 1983) (per curiam); Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Petitioner here does not raise a double jeopardy claim.

Because the Younger requirements are satisfied, this Court must abstain from considering the Petition absent extraordinary circumstances. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). There are, however, three exceptions to the Younger abstention doctrine: (1) when there is evidence of state proceedings motivated by bad faith; (2) when irreparable injury would occur; or (3) when there was no adequate alternative state forum where the constitutional issues can be raised. Younger v. Harris, 401 U.S. at 43-44, 49; see also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) ("An exception to that general rule exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'") (citing Middlesex County Ethics Comm, 457 U.S. at 435).

Petitioner has not made any showing of bad faith or irreparable injury. See, e.g., Younger, 401 U.S. at 46 (finding that "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term"). As to the third consideration -- when there is no adequate alternative state forum where the constitutional issues can be raised – there is no evidence that this is the situation at hand. Petitioner challenges a pre-trial discovery ruling from the trial court and by the California Court of Appeal's own finding, Petitioner will have an opportunity to challenge that ruling on direct appeal.

B.   **Exhaustion of State Remedies**

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, habeas petitioners must fairly present their federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Habeas petitioners must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented

only if the petitioner has indicated to the court that the claim is based on federal law. Lyons v. Crawford, 247 F.3d 904 (9th Cir. 2001) (as amended).

Petitioner is a pre-trial detainee, has not sustained any conviction, and is not subject to a final judgment in state court. In the absence of a final judgment in state court and the resolution of state court appeals related to that conviction, it cannot be said that Petitioner has exhausted his state court remedies. Cf. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (In most cases, if the petitioner's direct criminal appeal is still pending in the state courts, then the petitioner has not exhausted his state remedies.)

## IV.  ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies on a final judgment of the state court by filing a written response **no later than November 6, 2023.**

If the Petitioner is not able to demonstrate that he has exhausted his state remedies on a final judgment by the state court, he may request a voluntary dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for his failure to comply with court orders and failure to prosecute, Fed. R. Civ. P. 41(b), or on the basis that the Petition is fully unexhausted.**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**