JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS SARINANA JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | Case No. CV 23-07572-VBF (SHK) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

## I.    INTRODUCTION

On July 31, 2023, Petitioner Tomas Sarinana Jr. ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition" or "Pet.").[1] Electronic Case Filing Number ("ECF No.") 1, Pet.  On October 10, 2023, the Court issued an order requiring Petitioner to show cause why the Petition should not be dismissed due to Petitioner's failure to exhaust his state court remedies.  ECF No. 6, Order to Show Cause.  On November 20, 2023, Petitioner

---

[1] Petitioner's failure to name the proper Respondent, see 28 U.S.C. § 2242 ("[the application for writ of habeas corpus] shall allege . . . the name of the person who has custody over him"); 28 U.S.C. § 2243 ("[t]he writ . . . shall be directed to the person having custody of the person detained"), is moot given the Court's decision that this Petition must be dismissed.

filed a Response to the OSC.  ECF No. 16, Response to OSC.  For the reasons set forth in this Order, the Court orders the Petition Dismissed Without Prejudice.[2]

## II.   BACKGROUND

Based on the allegations set forth in the Petition, it appears that Petitioner is a pro se pre-trial detainee pending trial on criminal charges in the Los Angeles County Superior Court.  ECF No. 1, Pet. at 2-5.  Petitioner alleges that as part of his pre-trial proceedings, he sought discovery related to the Drug Enforcement Administration's investigation of his case pursuant to, among other grounds, Brady v. Maryland, 373 U.S. 83 (1963), which the trial court denied.  Id. at 2-3.  Petitioner contends that he appealed this ruling to the California Court of Appeal, which denied his appeal.  Id. at 1, 61.  He has also attached a document on letterhead from the California Supreme Court dated June 9, 2023, which reflects that that Court returned his unfiled documents received on June 9, 2023, as it had lost jurisdiction to act on any petition for review after May 18, 2023.  Id. at 63.

## III.   DISCUSSION

As an initial matter, 28 U.S.C. § 2254(a) provides that: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added.)  By his own admission, Petitioner is a pre-trial detainee.  ECF No. 1, Pet. at 2.  In other words, there is no judgment of a State court to challenge by way of a petition for writ of habeas corpus.  Further, Petitioner is a criminal defendant in an *ongoing* state criminal action.

---

[2] Petitioner's Motion for Preliminary Injunctive Relief filed on November 30, 2023 is denied.  ECF No. 18, Motion for Preliminary Injunctive Relief.  Petitioner is not entitled to a default judgment in this matter due to the prison officials allegedly rejecting and returning legal mail.

**A.     Exhaustion**

       1.     Legal Standard

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, habeas petitioners must fairly present their federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Habeas petitioners must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented only if the petitioner has indicated to the court that the claim is based on federal law. Lyons v. Crawford, 247 F.3d 904 (9th Cir. 2001) (as amended).

       2.     Application

Petitioner is a pre-trial detainee, has not sustained any conviction from which he is seeking relief under § 2254, and is not subject to a final judgment in state court. In the absence of a final judgment in state court and the resolution of state court appeals and/or collateral challenges related to that conviction, it cannot be said that Petitioner has exhausted his state court remedies. Cf. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (noting that in most cases, if the petitioner's direct criminal appeal is still pending in the state courts, then the petitioner has not exhausted his state remedies.) In his Response to the OSC, Petitioner claims that the California Supreme Court rejected his filing in error

3

because it did not honor the mailbox rule, and thus he meets the "technical requirement" for exhaustion. ECF No. 10, Response at 12-13. This does not correct the failure to exhaust issue before this Court because what Petitioner must exhaust under 28 U.S.C. § 2254 is the final judgment and *there is no final judgment* in this matter.[3]

### B. Younger v. Harris

#### 1. Legal Standard

Generally, federal courts must abstain from interfering with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-45 (1971). As a matter of comity and federalism, Younger abstention is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; (3) the state proceedings provide a full and fair opportunity to litigate the federal constitutional claims; and (4) the relief requested seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceedings. Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626-28 (1986); Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). As a threshold condition to the above requirements, "Younger applies only when the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding." Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc).[4]

///

///

---

[3] The Court observes that "a habeas petitioner attacking his pretrial detention should [seek] relief under § 2241, not § 2254." Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004). Still, the federal court must adhere to the Younger abstention doctrine in deciding whether it may adjudicate a § 2241 Petition. See, e.g., Rasmussen v. Garrett, 489 F. Supp. 3d 1131, 1153-1154 (D. Or. 2020).

[4] Green was overruled in part by Gilberston v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) as follows: "[F]ederal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed. To this extent we recede from our statements in Green v. City of Tucson, 255 F.3d 1086, 1098, 1102 (9th Cir. 2001) (en banc), that direct interference is a threshold requirement, or element, of Younger abstention, and that Younger only precludes, but does not delay, the federal court action."

2.  Application

Here, all four of the criteria under Younger are present and compel this federal court to abstain from adjudicating the issue raised in this action.  First, Petitioner is currently a defendant in an ongoing criminal prosecution initiated by the state.  He is attempting to invalidate a pre-trial ruling by the trial court relating to the production of discovery for that criminal trial.  This state action against Petitioner was pending at the time this action was filed.  Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001).  Second, the state proceedings involve important state interests – the order and integrity of its criminal proceedings without interference from a federal court.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citation omitted).  Third, the state proceedings will provide Petitioner with a full and fair opportunity to litigate his federal constitutional claims – by virtue of a direct appeal and/or a collateral challenge in state court.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (the federal court should assume that state procedures afford an adequate remedy to consider federal claims absent "unambiguous authority to the contrary").  Fourth, this Federal Habeas Court's ruling on this pre-trial discovery issue would interfere with the trial proceedings.  Cf. Arevalo, 882 F.3d at 766 (finding that regardless of how the habeas challenge to the bail issue were resolved, "the prosecution will move forward unimpeded").

As an exception to the abstention rule described in Younger, a habeas petitioner may file a federal habeas petition before the state court issues a final judgment of conviction when asserting a violation of the Double Jeopardy Clause.  See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992).  Petitioner here does not raise a double jeopardy claim.

Because the Younger requirements are satisfied, this Court must abstain from considering the Petition absent extraordinary circumstances. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). There are three exceptions to the Younger abstention doctrine: (1) when there is evidence of state proceedings motivated by bad faith; (2) when irreparable injury would occur; or (3) when there was no adequate alternative state forum where the constitutional issues can be raised. See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) ("An exception to that general rule exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'") (citing Middlesex, 457 U.S. at 435).

Petitioner has not made any showing of bad faith or irreparable injury. See, e.g., Younger, 401 U.S. at 46 (finding that "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term"). As to the third consideration -- when there is no adequate alternative state forum where the constitutional issues can be raised – there is no evidence that this is the situation at hand. Petitioner challenges a pre-trial discovery ruling from the trial court and by the California Court of Appeal's own finding, Petitioner will have an opportunity to challenge that ruling on direct appeal. For these reasons, the Court finds that it must dismiss this Petition pursuant to Younger.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For these reasons, the Petition is dismissed without prejudice.

Dated: May 24, 2024

_____
HON. VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge